IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:23-CR-00038-KDB-SCR

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> JAVARIO DEVON ROBINSON, <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Javario D. Robinson's Motion to Suppress Evidence (Doc. No. 19). Robinson seeks to suppress evidence obtained as a result of the search of his home on April 6, 2023, or, in the alternative, to have a *Franks* hearing to challenge the affidavit supporting the search warrant application. The Court has carefully considered this motion, the parties' briefs and exhibits, and oral argument on the motion from the parties' counsel on March 13, 2024. For the reasons discussed below, the Court believes a *Franks* hearing is appropriate and will **GRANT** that portion of Defendant's motion.

## I. LEGAL STANDARD

"An accused is generally not entitled to challenge the veracity of a facially valid search warrant affidavit." *United States v. Allen*, 631 F.3d 164, 171 (4th Cir. 2011). However, there is a "narrow exception to this rule." *Id.* A defendant may be entitled to a hearing to challenge a facially valid search warrant affidavit, known as a *Franks* hearing, if he "make[s] a substantial preliminary showing that (1) law enforcement made a false statement; (2) the false statement was made knowingly and intentionally, or with reckless disregard for the truth; and (3) the false statement was necessary to the finding of probable cause." *United States v. Moody*, 931 F.3d 366, 370 (4th Cir. 2019).

1

The first prong, a showing of falsity, "cannot be conclusory and must rest on affidavits or other evidence." *Moody*, 931 F.3d at 370. In other words, the evidence must rise above "a purely subjective disagreement with how the affidavit characterizes the facts" and instead establish "that the statements at issue are objectively false. *Id.* The second prong, that the statement was made knowingly, intentionally, or with reckless disregard for the truth, "is just as demanding." *Id.* at 371. "An innocent or even negligent mistake by the officer will not suffice." *Id.* (quoting *Franks*, 438 U.S. at 170). Defendant's third and final showing, materiality, requires the defendant to show the "false statements were necessary to the finding of probable cause." *Id.* (quoting *Franks*, 438 U.S. at 156).

## II. DISCUSSION

For the reasons explained below, the Court finds that Robinson has made the substantial showing necessary to have a *Franks* hearing. First, Robinson has satisfied the initial prong of the *Franks* test because a statement in the relevant warrant application about Robinson's father slamming and locking the door when officers attempted to secure the residence is demonstrably false. The key statements supporting probable cause in the affidavit are as follows:

- "When Officers arrived on scene, they located Javario Davon Robinson… on the sidewalk in front of his residence." *See* Doc. No. 19-5. Robinson was then taken to a hospital. *Id.*
- "When Officer[s] attempted to secure the residence, Robinson's father who is heavily intoxicated slammed and locked the door. Officers force[d] entry to secure the residence." *Id.*
- "A neighbor told Officers that she heard yelling and arguing coming from [the residence] and then heard one gunshot." *Id.*
- "Javario Robinson has been charged several times for narcotics in the past and through my training and experience, drug user and dealer [sic] keep narcotics at their home." *Id.*

However, body-worn camera footage ("BWC footage") provided to the Court contradicts the affiant's statement that Robinson's father slammed and locked the door, thus requiring officers to

2

force entry to secure the residence. The BWC footage actually shows the door was closed and, as would later be found, locked, *before* any of the officers responding to the 911 call for service arrived on the scene. The distinction between the BWC footage and the statement that Robinson's father slammed and locked the door as officers attempted to secure the residence is sufficient to satisfy the first prong.

Second, Robinson has met his "demanding" burden to show intentional falsity or reckless disregard for the truth. *Moody*, 931 F.3d at 371. Investigator Tammie D. Johnson, based on representations made to the Court by the United States, did not arrive on scene until she had the search warrant and so she relied on statements from officers on the scene to fill out her search warrant affidavit. Because none of the officers at the scene saw Robinson's father slam and lock the door, their statements may show at least reckless disregard for the truth.

Third, Robinson has also satisfied his burden to show materiality. As noted above, the key portions of the search warrant affidavit are (1) police officers responding to a call for service found Robinson lying in front of his residence after having been shot, (2) Robinson's father slamming and locking the door when the officers attempted to secure the residence, (3) a neighbor reported hearing yelling and arguing coming from the residence before hearing a single gunshot, (4) the officer's experience that individuals with prior drug charges are likely to keep narcotics in their homes. Removing the false statement regarding Robinson's father, the warrant is left with the assertion that officers found Robinson shot in front of his house, a neighbor heard people arguing before a single gunshot, and Inv. Johnson's propensity argument.

That Robinson was shot may suggest a crime has occurred, but the lack of information in the affidavit may not be able to support an inference that the shooting took place inside the home, or that evidence related to the shooting would be found in the home. When officers found

3

Robinson, he was already outside his home and when they conducted their protective sweep, they found no evidence of a shooter, blood, or a weapon inside the house. Thus, the fact that Robinson was lying *outside* his house may be insufficient to support probable cause to search *inside* the house. Moreover, that a neighbor heard arguing coming from the property cannot, by itself, establish probable cause. Raised voices alone, without more information regarding the words spoken, particularly if there is a question whether the voices came from inside the house, cannot create probable cause to search a home. Lastly, Inv. Johnson's statement that people who have been charged for narcotics in the past are likely to keep narcotics in their homes does not create probable cause. Such assumptions have been found insufficient for the much lower standard necessary for reasonable suspicion. *See United States v. Black*, 707 F.3d 531, 540-41 (4th Cir. 2013) ("Fourth, with respect to the officers' "Rule of Two" or "one-plus rule," we would abdicate our judicial role if we took law enforcement-created rules as sufficient to establish reasonable suspicion."). The Court, therefore, concludes that the allegation that Robinson's father slammed and locked the door as the officers attempted to secure the residence is material.

As a result, the Court finds that Robinson has made the necessary substantial showing required to have a *Franks* hearing.

### III.   ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Suppress Evidence (Doc. No. 19) is **GRANTED** in part**;** and

2. A *Franks* hearing will be scheduled.

**SO ORDERED.**          Signed: March 15, 2024

Kenneth D. Bell
United States District Judge